# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>INTROCAN, INC.,<br>      Debtor. | Case No. 13-11499 (BLS)<br>Chapter 7<br>Related Doc. No. 36 |
| In re:<br>FENWICK AUTOMOTIVE PRODUCTS LIMITED,<br>      Debtor. | Case No. 13-11500 (BLS)<br>Chapter 7<br>Related Doc. No. 53 |
| In re:<br>FLO-PRO INC.,<br>      Debtor. | Case No. 13-11501 (BLS)<br>Chapter 7<br>Related Doc. No. 35 |
| In re:<br>LH DISTRIBUTION INC.,<br>      Debtor. | Case No. 13-11502 (BLS)<br>Chapter 7<br>Related Doc. No. 36 |
| In re:<br>RAFKO LOGISTICS INC.,<br>      Debtor. | Case No 13-11504 (BLS)<br>Chapter 7<br>Related Doc. No. 35 |
| In re:<br>RAFKO HOLDINGS INC.,<br>      Debtor. | Case No. 13-11505 (BLS)<br>Chapter 7<br>Related Doc. No. 35 |
| In re:<br>RAFKO ENTERPRISES INC.,<br>      Debtor. | Case No. 13-11507 (BLS)<br>Chapter 7<br>Related Doc. No. 35 |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF (I) AN ORDER (A) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE(S) OF SUBSTANTIALLY ALL OF THE ESTATES' ASSETS, (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER PROPOSED SALE(S) AND APPROVING THE FORM**

## AND MANNER OF NOTICE THEREOF, AND (C) AUTHORIZING TRUSTEE TO LIQUIDATE RESIDUAL ASSETS VIA AUCTION SALE(S)

This matter has come before the Court upon consideration of the Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection With Sale(s) of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider Proposed Sale(s) and Approving the Form and Manner of Notice Thereof, and (C) Authorizing Trustee to Liquidate Residual Assets Via Auction Sale(s); and (II) an Order (A) Approving the Sale(s), and (B) Granting Certain Related Relief (the "Sale Motion")[1] seeking, among other things: entry of an order: (i) approving the Bidding Procedures in connection with the Sale(s); (ii) scheduling the Large Lot Auction and hearing to approve the Sale(s) of the Assets in Large Lots and approving the form and manner of notice thereof; (iii) authorizing the Trustee, in his discretion, to conduct the Residual Auction and transfer the Residual Assets pursuant to the Residual Phase Procedures without further order of the Court; and (iv) granting related relief. After due deliberation and having determined that the relief requested in the Sale Motion regarding the Sale process is in the best interest of the Estates,

**THE COURT HEREBY FINDS THAT:**[2]

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §1334. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

B. Notice of the Sale Motion, having been given to the Notice Parties, is sufficient in light of the circumstances and the nature of the relief requested in the Sale Motion.

---

[1] All capitalized terms used, but not otherwise defined, in this Order shall have the meanings given in the Sale Motion.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion regarding the Sale process, including without limitation, (i) approval of the Bidding Procedures; (ii) approval of, and authorization to serve, the Notice of Auction and Sale Hearing and the Cure Notice; and (iii) authorization to conduct the Residual Auction and to transfer the Residual Assets pursuant to the Residual Phase Procedures without further order of the Court.

D. The Notice of Auction and Sale(s) Hearing and the publication thereof is calculated to provide all interested parties with timely and proper notice of the Sale(s), the Sale(s) Hearing, and the Large Lot Auction.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Bidding Procedures, including the Large Lot Phase Procedures and the Residual Phase Procedures, in the form attached hereto as <u>Exhibit A</u>, are hereby approved and fully incorporated into this Order. The Trustee is authorized to undertake any and all actions necessary to implement the Bidding Procedures.

2. All objections, if any, to the portion of the relief requested in the Sale Motion that is granted by this Order that have not been withdrawn, waived, or settled are hereby overruled.

3. No person or entity shall be entitled to any expense reimbursement, break-up fees, "topping," termination or other similar fee or payment. Any bidder or other party who seeks payment of any topping or other similar fee or expense reimbursement or similar consideration from the Estates in connection with any bid, may, in the Trustee's discretion and in consultation with M&T Bank, not be considered a Qualified Bidder and may, in the Trustee's discretion and in consultation with M&T Bank, be excluded from participation and consideration at the Large Lot Auction.

4. The Notice of Auction and Sale(s) Hearing, substantially in the form attached hereto as <u>Exhibit B</u>: (i) is hereby approved; and (ii) shall be served, together with a copy of this Order, within two (2) business days of entry of this Order upon each of the Notice Parties.

5. Subject to the Bidding Procedures, in the event that the Trustee receives only one Qualified Bid, the Trustee will not hold the Large Lot Auction. Instead, he shall either seek approval of the Sale pursuant to such Qualified Bid or, in his discretion and in consultation with M&T Bank, shall reject such Qualified Bid and, in his discretion and in consultation with M&T Bank, either continue marketing some or all of the Assets, proceed to the Residual Phase, or cease pursuing a Sale of some or all of the Assets at this time. As further described in the Bidding Procedures, and subject to paragraph 6 of this Order, in the event that the Trustee receives multiple Qualified Bids, the Trustee shall conduct the Large Lot Auction on **August 30, 2013 at 11:00 a.m. (prevailing Eastern Time),** or such other time as the Trustee shall notify all Qualified Bidders. The Large Lot Auction will take place via conference call. The Trustee shall provide instructions for dialing in to the conference call, and participating in the Large Lot Auction, to Qualified Bidders prior to the Large Lot Auction.

6. In the event that the Trustee receives multiple Qualified Bids and each Qualified Bid specifies (a) different Lot(s) and/or different Assets than the other Qualified Bids (i.e. no single Asset is subject to competing offers), then the Trustee, in his discretion and in consultation with M&T Bank, may or may not conduct the Large Lot Auction. In the event that he does not conduct the Large Lot Auction under these circumstances, the Trustee, in his discretion and in consultation with M&T Bank, may either seek approval of the Sale(s) pursuant to the terms of one or more of the Qualified Bids, and/or may reject one or more of the Qualified Bids. In the event that the Trustee elects to reject one or more of the Qualified Bids, then the Trustee, in his discretion and in consultation with M&T Bank, may either continue marketing some or all of the

unsold Assets, proceed to the Residual Phase, and/or cease pursuing a Sale of some or all of such Assets at this time.

7. In the event that the Trustee does not receive any Qualified Bids, then the Trustee will not hold the Large Lot Auction. In his discretion and in consultation with M&T Bank, he will either continue marketing some or all of the Assets, proceed to the Residual Phase, and/or cease pursuing a sale of some or all of the Assets at this time.

8. Any person wishing to make an offer for the Purchased Assets must do so in accordance with the terms of the Bidding Procedures.

9. The Trustee is hereby authorized to conduct the Sale(s) without complying with any state or local bulk transfer law or requirements.

10. Pursuant to Local Rule 6004-1(c)(ii): (a) each bidder participating at the Large Lot Auction and the Residual Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale(s); (b) the Large Lot Auction and the Residual Auction shall be conducted openly and all creditors shall be permitted to attend (although only Qualified Bidders may bid); and (c) the Large Lot Auction and the Residual Auction will be transcribed or videotaped.

11. The Sale(s) Hearing is scheduled to be held on __Sept 9__, 2013 at __11__:__30__ _a_.m. (ET) before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, Courtroom No. 1, 824 North Market Street, Wilmington, Delaware 19801. The Sale(s) Hearing may be adjourned or rescheduled at the Trustee's discretion and in consultation with M&T Bank. The Trustee will seek the entry of the Sale(s) Order at the Sale(s) Hearing approving and authorizing the Sale(s) to the Successful Bidder(s) or Alternate Bidder(s).

12. Objections, if any, to the relief requested in the Sale Motion as it relates to the Sale(s) must: (i) be in writing and filed with this Court; (ii) comply with the Federal Rules of Bankruptcy Procedure and this Court's Local Rules of Bankruptcy Practice and Procedure; and (iii) be filed and served upon, so as to be **received** by, the Service Parties on or before the Objection Deadline.

13. The failure of any person or entity to timely file an objection to the Sale Motion shall be a bar to the assertion, at the Sale(s) Hearing or thereafter, of any objection to the Sale(s) of the Assets to the Successful Bidder(s) or Alternate Bidder(s).

14. If any Residual Assets exist following the Large Lot Sale Phase, the Trustee, in his discretion and in consultation with M&T Bank, may file with the Court a Residual Asset Notice and serve a copy of such Notice on the US Trustee and M&T Bank. If the US Trustee and/or M&T Bank do not serve a written objection upon the Trustee within three (3) business days following such service, the Trustee may, in his discretion and in consultation with M&T Bank, implement the Residual Phase.

15. If the Trustee decides to implement the Residual Phase pursuant to this Order, then the Trustee shall be authorized to transfer the Residual Assets to the Residual Asset Successful Bidders, and to take any actions that may be necessary to carry out the Residual Phase Procedures, without further order of the Court.

16. Following the Large Lot Sale Phase, and again following the Residual Phase (if applicable), Tiger shall file and serve a Report of Sale(s) in accordance with Federal Rule of Bankruptcy Procedure 6004(f).

17. Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h), this Order shall be immediately effective and enforceable upon its entry.

18. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19. To the extent that any provisions of this Order may be inconsistent with the Sale Motion, the terms of this Order shall control.

20. The Court shall retain jurisdiction over all matters arising from or relating to entry of this Order.

BY THE COURT:

DATED: 8/22, 2013

_____
The Honorable Brendan Linehan Shannon,
United States Bankruptcy Judge